*167 Opinion of the Court by
Judge Owsley.
This is the same case that was formerly in this court, and decided in favour of the present plaintiffs in error, the report whereof is contained in 5 Littell, 330.
By adverting to the opinion then given, it will be found that the case turned upon the sufficiency of a replication, put in by the administrator of Denham, to a plea of coverture filed by Lucy, and to which replication Lucy demurred. The court below sustained the replication and overruled the demurrer; but this court adjudged the replication insufficient, and remanded the cause for further proceedings in the circuit court.
When the cause went back to that court, it was *168 placed on the docket for further proceedings, and without withdrawing his replication, which was adjudged by this court to be insufficient, and without having applied to the court for leave to do so, the administrator produced in court, and filed another replication to the plea of coverture. To the replication then filed no further notice appears ever to have been taken on the record.
Where this court reverses the judgment on a replication to defendant’s plea and adjudges the replication insufficient the plaintiff must withdraw it and reply de novo.
If he filed another replication without withdrawing the one condemned, it is error.
*168 The cause was afterwards continued for several terms, and after several fruitless attempts on the part of free Frank by his counsel to file additional pleas, the cause came on to trial, and verdict and judgment were recovered by the administrator of Denham.
To reverse that judgment free Lucy and Frank have again brought the case to this court, by writ of error.
The judgment is not warranted by the proceedings in the cause. After the case returned from this to the circuit court, there ought regularly to have been no further proceedings had, until the demurrer, which by the opinion of this court was sustained, was disposed of. By the decision upon that demurrer, the replication, to the plea of coverture put in by Lucy, was adjudged insufficient, and upon the return of the cause judgment ought regularly to have been entered upon the demurrer against the administrator, unless by permission of the court he had withdrawn his replication and replied de novo. This, however, was not done, and the record now presents the strange anomaly of a judgment recovered against the plaintiffs in error, (defendants in the court below, after a previous decision of this court against the validity of a replication put in by the defendant in error, to one of their pleas, and whilst that replication still remains upon the record without even an attempt having been made to withdraw it.
It is true, that after the cause returned to the court below, another replication to the plea of coverture was filed by the defendant in error; but free Lucy appears not to have joined issue thereto, *169 or in any way taken notice of it, nor do we suppose she was bound to do so, inasmuch as the former replication to the same plea still remained upon the record.
Plea by a free negro, that when the writing sued on was deliverd by him, he was a slave is good.
Whereas cause is not, really for trial defendant may be allowed to file an additional plea.
Crittenden, for plaintiff; Turner, for defendant.
In not answering the replication last filed, free Lucy cannot, therefore, have been in default; and as she has in the record, a valid plea upon which the parties have come to no issue of fact, the verdict and judgment in favour of the administrator cannot be sustained.
It is proper also to remark, that in our opinion the court below should have allowed the plea offered by Frank, in which he alleges that he was a slave when the writing sued on, was delivered by him, to be filed. If, when the plea was tendered the cause had been in a condition for trial, and if the filing of it could have produced any delay, we should have felt great hesitancy in saying, that the discretion which the court must on all such occasions exercise, was abused in rejecting the plea, by the cause was not in a state of preparation for trial, and as no delay would have been produced by allowing the plea, we apprehend, under the circumstances of the case as made out and supported by his affidavit, permission should have been given him to file it.
The judgment must be reversed with cost, the cause remanded to the court below, and unless the plaintiff in that court should ask permission to withdraw his replication to the plea of coverture, judgment, must be be entered upon the demurrer to the replication in abatement of the action; but should the plaintiff there desire it, he should have leave again to reply to that plea, and Frank should also have leave to file the plea tendered oy him, and which we have said was improperly rejected, and such further and other proceedings there had, as may be consistent with this opinion.